**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILBERT EUGENE HACKLEY,** | : | **CIVIL NO. 3:16-CV-171** |
| | : | |
| **Plaintiff,** | : | **(Judge Caputo)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| | : | |
| **DAVID EBBERT, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

On February 1, 2016, the plaintiff, a federal prisoner acting *pro se*, filed this civil complaint.  (Doc. 1.)  Liberally construed, Hackley's complaint alleges that prison staff violated his due process rights two years earlier in February of 2014, in connection with a parole commission proceeding, when they belatedly delivered a notice of an unfavorable parole commission action to Hackley in prison, and misrepresented when that notice was received by the prison.  According to Hackley, the combination of the delayed delivery of this notice coupled with the misleading information concerning the date of receipt of the notice in the prison, caused the

plaintiff to miss appeal deadlines and forfeit his right to seek further review of this decision.  (Id.)

While Hackley's complaint names two prison officials who he alleges were directly involved in these actions, defendants Hugar and Mushala, Hackley also names three supervisory prison officials, Warden Ebbert, Regional Director Norwood, and a Central Officer supervisory, Ian Connors, as defendants.  (Id.)  As to these three supervisory officials Hackley simply alleges that by failing to act favorably upon his prison grievances they condoned the conduct of other prison staff in a way which violated his rights.  (Id.)  On the basis of these allegation, Hackley seeks $8,000,000 in compensatory and punitive damages from the defendants. (Id.)

Along with this complaint, Hackley has filed a motion seeking leave to proceed *in forma pauperis.*  (Doc. 2.)  For the reasons set forth below, we will GRANT this motion  for leave to proceed *in forma pauperis,* but as part of our legally-mandated screening review of this *pro se* prisoner *in forma pauperis* complaint we find that Hackley has failed to state a claim upon which relief may be granted with respect to the supervisory defendants named in this complaint.  Therefore, for the reasons set forth below, we recommend that the court dismiss this complaint as to these supervisory defendants.

## II.     Discussion

### A.     Screening of *Pro Se* Complaints–Standard of Review

This court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials.  See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a  prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be  granted; or

> (2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted."  This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides

that a complaint should be dismissed for "failure to state a claim upon which relief

can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint,

the United States Court of Appeals for the Third Circuit has aptly noted the evolving

standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in
> recent years.  Beginning with the Supreme Court's opinion in Bell
> Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our
> opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir.
> 2008)] and culminating recently with the Supreme Court's decision in
> Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards
> have seemingly shifted from simple notice pleading to a more
> heightened form of pleading, requiring a plaintiff to plead more than the
> possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may

be granted, the court must accept as true all allegations in the complaint and all

reasonable inferences that can be drawn therefrom are to be construed in the light

most favorable to the plaintiff.  Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,

20 F.3d 1250, 1261 (3d Cir. 1994).  However, a court "need not credit a complaint's

bald assertions or legal conclusions when deciding a motion to dismiss." Morse v.

Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Additionally a court

need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not

alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).  As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." <u>Id.</u> at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u>

In keeping with the principles of <u>Twombly</u>, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss.  In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> at 678.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

<u>Id.</u> at 679.

Thus, following <u>Twombly</u> and <u>Iqbal</u> a well-pleaded complaint must contain

more than mere legal labels and conclusions.  Rather, a complaint must recite factual

allegations sufficient to raise the plaintiff's claimed right to relief beyond the level

of mere speculation.  As the United States Court of Appeals for the Third Circuit has

stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to
> state a claim, district courts should conduct a two-part analysis.  First,
> the factual and legal elements of a claim should be separated.  The
> district court must accept all of the complaint's well-pleaded facts as
> true, but may disregard any legal conclusions.  Second, a district court
> must then determine whether the facts alleged in the complaint are
> sufficient to show that the plaintiff has a "plausible claim for relief."
> In other words, a complaint must do more than allege the plaintiff's
> entitlement to relief.  A complaint has to "show" such an entitlement
> with its facts.

<u>Fowler</u>, 578 F.3d at 210-11.

As the court of appeals has observed:  "The Supreme Court in <u>Twombly</u> set

forth the 'plausibility' standard for overcoming a motion to dismiss and refined this

approach in <u>Iqbal</u>.  The plausibility standard requires the complaint to allege 'enough

facts to state a claim to relief that is plausible on its face.'  <u>Twombly</u>, 550 U.S. at 570,

127 S.Ct. 1955.  A complaint satisfies the plausibility standard when the factual

pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged.'  <u>Iqbal</u>, 129 S.Ct. at 1949 (citing <u>Twombly</u>, 550

6

U.S. at 556, 127 S.Ct. 1955).  This standard requires showing 'more than a sheer possibility that a defendant has acted unlawfully.'  Id.  A complaint which pleads facts 'merely consistent with' a defendant's liability, [ ] 'stops short of the line between possibility and plausibility of "entitlement of relief." ' "  Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'  Iqbal, 129 S.Ct. at 1947.  Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'  Id. at 1950.  Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'  Id."  Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional

support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

Applying these legal benchmarks, we conclude that the allegations in this complaint fails to state a claim upon which relief may be granted with respect to defendants Ebbert, Norwood and Connors. Therefore, we recommend that these defendants should be dismissed from this action.

### B.   Hackley's Complaint Fails to State Any Claims of Supervisory Liability

In this case Hackley has named three supervisory defendants in his complaint but has not alleged sufficient facts to give rise to supervisory liability against these officials. In considering claims brought against supervisory officials arising out of alleged constitutional violations, the courts recognize that prison supervisors may be exposed to liability only in certain, narrowly defined, circumstances.

At the outset, it is clear that a claim of a constitutional deprivation cannot be premised merely on the fact that the named defendants were prison supervisors when

the incidents set forth in the complaint occurred.  Quite the contrary, to state a

constitutional tort claim the plaintiff must show that the supervisory defendants

actively deprived him of a right secured by the Constitution.  Morse v. Lower Merion

School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v.Thiboutot, 448 U.S. 1

(1980).  Constitutional tort liability is personal in nature and can only follow personal

involvement in the alleged wrongful conduct shown through specific allegations of

personal direction or of actual knowledge and acquiescence in the challenged

practice.  Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997).

In particular, with respect to prison supervisors it is well-established that:

> "A[n individual government] defendant in a civil rights action must have
> personal involvement in the alleged wrongdoing; liability cannot be
> predicated solely on the operation of *respondeat superior*.  Personal
> involvement can be shown through allegations of personal direction or
> of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d
> 1195, 1207 (3d Cir.1988).

Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

As the Supreme Court has observed:

> Government officials may not be held liable for the unconstitutional
> conduct of their subordinates under a theory of *respondeat superior*. .
> . . See Monell v. New York City Dept. of Social Servs., 436 U.S. 658,
> 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (finding no vicarious liability
> for a municipal "person" under 42 U.S.C. § 1983); see also Dunlop v.
> Munroe, 7 Cranch 242, 269, 3 L.Ed. 329 (1812) (a federal official's
> liability "will only result from his own neglect in not properly
> superintending the discharge" of his subordinates' duties); Robertson v.

Sichel, 127 U.S. 507, 515-516, 8 S.Ct. 1286, 3 L.Ed. 203 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties").  Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.

Ashcroft v. Iqbal,  556 U.S. 662, 676 (2009).

Applying these benchmarks, courts have frequently held that, in the absence of evidence of supervisory knowledge and approval of subordinates' actions, a plaintiff may not maintain an action against supervisors based upon the misdeeds of their subordinates.  O'Connell v. Sobina, No. 06-238, 2008 WL 144199, * 21 (W.D. Pa. Jan. 11, 2008); Neuburger v. Thompson, 305 F. Supp. 2d 521, 535 (W. D. Pa. 2004).  Rather, "[p]ersonal involvement must be alleged *and is only present where the supervisor directed the actions of supervisees or actually knew of the actions and acquiesced in them.  See* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988)." Jetter v. Beard, 183 F. App'x 178, 181 (3d Cir. 2006)(emphasis added).

Hackley has made no such allegations against these supervisory defendants in this complaint.  Instead, Hackley's complaint simply recites that these officials have failed to favorably consider grievances which he has filed in the past.  However, Hackley cannot sustain a supervisory liability claim against these officials by simply

alleging that these officials did not after-the-fact act favorably upon his past grievances, this claim also fails.  An inmate cannot sustain a constitutional tort claim against prison supervisors based solely upon assertions that officials failed to adequately investigate or respond to his past grievances.  Inmates do not have a constitutional right to a prison grievance system.  <u>Speight v. Sims</u>, 283 F. App'x 880 (3d Cir. 2008) (citing <u>Massey v. Helman</u>, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.").  Consequently, dissatisfaction with a response to an inmate's grievances does not support a constitutional claim.  <u>See also</u> <u>Alexander v. Gennarini</u>, 144 F. App'x 924 (3d Cir. 2005) (involvement in post-incident grievance process not a basis for § 1983 liability); <u>Pryor-El v. Kelly</u>, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).  <u>See also</u> <u>Cole v. Sobina</u>, No. 04-99J, 2007 WL 4460617, at *5 (W.D. Pa. Dec. 19, 2007) ("[M]ere concurrence in a prison administrative appeal process does not implicate a constitutional concern.").  As the United States Court of Appeals for the Third Circuit observed when disposing of a similar claim by another inmate:

> Several named defendants, such as the Secretaries of the Department of Corrections or Superintendents, were named only for their supervisory roles in the prison system.  The district court properly dismissed these

> defendants and any additional defendants who were sued based on their
> failure to take corrective action when grievances or investigations were
> referred to them.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d
> Cir.1988) (defendant in a civil rights action must have personal
> involvement in the alleged wrongs; liability cannot be predicated solely
> on the operation of *respondeat superior* ); see also Antonelli v. Sheahan,
> 81 F.3d 1422, 1430 (7th Cir.1996) (state's inmate grievance procedures
> do not give rise to a liberty interest protected by the Due Process Clause).

Pressley v. Beard, 266 F. App'x 216, 218 (3d Cir. 2008).

Indeed, as to such claims, the United States Court of Appeals for the Third

Circuit has held that summary dismissal is appropriate "because there is no apparent

obligation for prison officials to investigate prison grievances.  See Inmates of Attica

Corr. Facility v. Rockefeller, 477 F.2d 375, 382 (2d Cir.1973)."  Paluch v. Sec'y

Pennsylvania Dept. Corr., 442 F. App'x 690, 695 (3d Cir. 2011).

In sum, as presently drafted, the plaintiff's claims against these supervisory

defendants consist of little more than assertions of *respondeat superior* liability,

coupled with dissatisfaction with the processing of this inmate's past grievances,

assertions which as a matter of law do not suffice to state a constitutional tort claim.

Therefore, these defendants are entitled to be dismissed from this case.

### C. The Plaintiff's Demand for a Specified Sum of Damages Should be Stricken

Further, we note that the court should also strike the claim for a specific sum

of unliquidated damages, $8,000,000,  from this *pro se* complaint.  In this regard,

Rule 12 (f) of the Federal Rules of Civil Procedure imposes a duty on the court to review pleadings and provides that the court may upon its own initiative at any time order stricken from any pleading any immaterial matter.  Fed. R. Civ. P. 12(f).  Decisions regarding whether claims may be stricken from a complaint are properly presented to a United States Magistrate Judge for determination in the first instance.  Singh v. Superintending School Committee of the City of Portland, 593 F. Supp. 1315 (D. Me. 1984).  In this case, the plaintiffs' various claims for specified amounts of unliquidated damages violate Local Rule 8.1 which provides, in part, that:

> The demand for judgment required in any pleading in any civil action pursuant to Fed.R.Civ.P.8(a)(3) may set forth generally that the party claiming damages is entitled to monetary relief *but shall not claim any specific sum where unliquidated damages are involved.*  The short plain statement of jurisdiction, required by Fed.R.Civ.P.8(a)(1), shall set forth any amounts needed to invoke the jurisdiction of the court but no other.

Local Rule 8.1 (emphasis added).

Since this prayer for relief violates Local Rule 8.1 by specifying particular amounts of unliquidated damages, these specific dollar claims should be stricken from the complaint without prejudice to the plaintiff arguing in any subsequent trial or hearing on the merits for any appropriate amount of damages supported by the evidence.

### D.      The Supervisory Defendants Should be Dismissed Without Prejudice

In sum, in its current form this complaint fails to state a claim against these supervisory defendants upon which relief may be granted.   While this screening merits analysis calls for dismissal of this action with respect to the supervisory defendants, we recommend that the plaintiff be given another, final opportunity to further litigate this matter by endeavoring to promptly file an amended complaint. We recommend this course mindful of the fact that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote  Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay, Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).   Accordingly, it is recommended that the court provide the plaintiff with an opportunity to correct these deficiencies in the *pro se* complaint, by dismissing this deficient complaint with respect to the supervisory defendants at this time without prejudice to one final effort by the plaintiff to comply with the rules governing civil actions in federal court.

### III.   **Recommendation**

Accordingly, for the foregoing reasons, the plaintiff's motion for leave to proceed *in forma pauperis* is GRANTED (Doc. 2.), but IT IS RECOMMENDED that the plaintiff's complaint be dismissed with respect to the following supervisory defendants–defendants Ebbert, Norwood, and Connors–without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 20 days of any dismissal order.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 3d day of February 2016.

                                        ***S/Martin C.  Carlson***_____
                                        Martin C. Carlson
                                        United States Magistrate Judge