**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

WILBERT HACKLEY,

    Plaintiff,

      v.

DAVID EBBERT, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:16-CV-0171

(JUDGE CAPUTO)

(MAGISTRATE JUDGE CARLSON)

## MEMORANDUM

Presently before me is the Report and Recommendation ("R&R") of Magistrate Judge Carlson (Doc. 28) regarding a "Motion to Dismiss and/or for Summary Judgment" (Doc. 16), which movies to dismiss Plaintiff Wilbert Hackley's ("Plaintiff") Amended Complaint (Doc. 10). For the reasons that follow, the R&R will be adopted in its entirety and the action will be dismissed with prejudice.

### I. Background

Plaintiff is a prisoner who was housed at the United States Penitentiary, Canaan ("USP Canaan") in Waymart, Pennsylvania in 2013 and 2014.

Plaintiff filed his original complaint (Doc. 1) on February 1, 2016, and an amended complaint (Doc. 10) on February 22, 2016, alleging that two correctional counselors, Case Manager Coordinator Cynthia Hugar ("Hugar") and Case Manager Joseph Mushala ("Mushala"), retaliated against Plaintiff, denied him due process, and interfered with his right to petition the courts.[1]

Specifically, Plaintiff alleges that, although the United States Parole Commission ("the Commission") issued a Notice of Action ("Notice") on August 27, 2013, advising of its decision that Plaintiff was to "[c]ontinue to a 15-year Reconsideration Hearing in July 2028," (Doc. 17-1, at 15), Defendants did not provide Plaintiff with the Notice until approximately

---

[1] Plaintiff's initial complaint (Doc. 1) also named three supervisory prison officials as defendants: Warden David J. Ebbert, Regional Director J.L. Norwood, and Central Officer Supervisor Ian Connors. However, the amended complaint (Doc. 10) names only Hugar and Mushala as defendants.

six months later, after the appeal period for the Commission's decision had expired. (Doc. 10, at 7, 8). Pursuant to 28 C.F.R. §§ 2.26(a)(2); 2.27(a), an administrative appeal of a Commission decision must be submitted to the National Appeals Board within thirty (30) days of the date the Notice of Action was sent.

Plaintiff alleges that Defendants conspired to deliberately deny him his right to pursue the appeal. *Id*. Although there is some indication that a copy of the decision was faxed to the USP Canaan shortly after it was issued by the Commission on August 27, 2013, (*see* Doc. 33, at 9), Plaintiff insists that he did not timely receive the Notice. When Plaintiff inquired about this matter in February of 2014, Case Manager Coordinator Hugar contacted the Commission on his behalf. (Doc. 17, at 5-6). Learning of the Commission's August 27, 2013 action in Plaintiff's case, Hugar immediately obtained a copy of the Notice and directed Mushala to deliver the decision to Plaintiff. *Id.* Defendants also provided Plaintiff with a sworn declaration verifying that Plaintiff first received the Notice on February 20, 2014. (Doc. 33, at 7). By providing the sworn statement to Plaintiff, prison officials wanted to ensure that Plaintiff could still appeal the parole action, and the Commission has since confirmed that this verified delay in receiving the Notice would have provided Plaintiff with "good cause" for filing an untimely appeal. (Doc. 17-1, Declaration of Helen H. Krapels).

Plaintiff never filed an appeal of his parole decision.[2] He now claims that the correctional counselors who aided him in restoring his appeal rights conspired to prevent him from timely receiving the August 27, 2013 Notice, thus interfering with his right to petition the courts and depriving him of due process.

Defendants have responded to these accusations by filing the instant motion to dismiss, or, in the alternative, for summary judgment. (Doc. 16) On September 21, 2016,

---

[2] Plaintiff claims, however, that he did send two letters to the Commission requesting an extension of time to file his appeal. (Doc. 33, at 24-28). As a sworn declaration from the General Counsel of the U.S. Parole Commission states, however, "there is no indication within [Plaintiff's] file that he ever submitted these letters to the Parole Commission." (Doc. 32-1, at 1-2). In any case, the issue is irrelevant. It is undisputed that Defendants restored Plaintiff's appeal rights upon learning that Defendant did not timely receive the Notice.

Magistrate Judge Carlson issued the instant R&R (Doc. 28) and, on October 3, 2016, Plaintiff filed his objections (Doc. 29). The R&R and the objections thereto are now ripe for review.

## II. Legal Standards

### 1. Review of the Report and Recommendation

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. U.S. Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985). At the very least, the court should review uncontested portions for clear error or manifest injustice. *Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).

### 2. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *Id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

3

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausability." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S. Ct. 1937.

4

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id*. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

3.     **Summary Judgment**

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Carrasca v. Pomeroy*, 313 F.3d 828, 832-33 (3d Cir. 2002). A factual dispute is genuine if a reasonable jury could return a verdict for the nonmovant, and it is material if, under the substantive law, it would affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although entitled to the benefit of all justifiable inferences from the evidence, *id*. at 255, the nonmoving party may not, in the face of a showing of a lack of a genuine issue, withstand summary judgment by resting on mere allegations or denials in the pleadings; rather, that party must set forth "specific facts showing that there is a genuine issue for trial," else summary judgment, "if appropriate," will be entered. Fed. R. Civ. P. 56(e). This is so because, "[i]n considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

As such, a moving party is obligated to meet "the burden of supporting [its] motion[] 'with credible evidence . . . that would entitle [that party] to a directed verdict if not

controverted at trial."' *In re Bressman*, 327 F.3d 229, 237 (3d Cir. 2003) (quoting *Celotex*, 477 U.S. at 331); *see also United States v. Four Parcels of Real Prop*., 941 F.2d 1428, 1438 (11th Cir. 1991) ("[T]he moving party . . . must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party.") (emphasis removed, internal citations omitted). Once the moving party has satisfied its burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *See Jersey Cent. Power & Light Co. v. Lacey Twp*., 772 F.2d 1103, 1109 (3d Cir. 1985). Hence, the party opposing the motion for summary judgment cannot rest merely on its allegations and must present actual evidence that creates a genuine issue as to a material fact for trial. *See Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); *see also* Fed. R. Civ. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial").

### III. Discussion

In the R&R, Magistrate Judge Carlson found that all of Plaintiff's claims "rest upon speculative, implausible, and legally insufficient assertions." (Doc. 28, at 14). Specifically,

> [Plaintiff] sued [the prison] officials for interfering with his right to appeal [the] parole decision even though it seems completely undisputed that, once the defendants paved the path for [Plaintiff] to file his appeal, he chose not to pursue that appeal. Therefore, reduced to its essence, [Plaintiff's] complaint sues the prison officials who took steps to restore his parole appeal rights, claiming that these officials interfered with his ability to pursue this appeal, even though [Plaintiff] never sought to appeal this decision once the defendants arranged to restore his appellate rights. On these facts, [Plaintiff] simply has not stated a colorable constitutional claim.

*Id.* at 15. With regards to Plaintiff's due process claim, Magistrate Judge Carlson held,

> the undisputed evidence shows that [Defendants] did not deny [Plaintiff] due process. Rather, they facilitated efforts to restore [Plaintiff's] appellate rights, only to have Plaintiff forfeit those rights through his own inaction. Further, [Plaintiff] errs if he is trying to suggest that he had some substantive due process right to parole. Quite the contrary, federal courts have routinely rejected suggestions that discretionary parole denials offend due process.

6

*Id.* at 19. As to the retaliation claim, Magistrate Judge Carlson found that, because it is doubtful that Plaintiff engaged in any constitutionally protected activity, it is impossible to draw an intelligible causal connection between the allegedly adverse action by Defendants and any protected conduct. *Id.* at 24. Moreover, even if, *arguendo*, Plaintiff articulates a colorable constitutional claim, the sued prison officials are entitled to qualified immunity because, according to the Magistrate Judge, "nothing in the conduct of these officials, who extended themselves to assist Plaintiff in restoring his parole appeal rights, could have alerted these officials that their actions violated 'clearly established statutory or constitutional rights of which a reasonable person should have known.'" (*Id.* at 28 (quoting *Wilson v. Layne*, 526 U.S. 603, 609 (1999))) .

Thus, Magistrate Judge Carlson recommends that Defendants' "Motion to Dismiss and/or for Summary Judgment" (Doc. 16) be granted because Plaintiff's allegations do not sufficiently state any cognizable claims. *Id.* at 29. Plaintiff objects. (Docs. 29, 33).

District courts are to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). As the Third Circuit has observed, "providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). Here, none of Plaintiff's objections are sufficient to warrant a *de novo* review because they lack the specificity required by § 636(b)(1). Rather than present specific legal objections supported by applicable precedent, Plaintiff's brief merely rehashes the arguments previously presented to the Magistrate Judge. Specifically, he restates that,

> Plaintiff's claims in instant matter are as follows but not limited to same. Cruel and Unusual Punishment, Mental Anguish, Violation of Right to Due Process and Equal Protection of the Law because of Defendants withholding true Notice of Action sent overnight fax to institution denying Plaintiff right to appeal same as well as subjecting Plaintiff to mental anguish and stress due to their (Defendants) retaliatory practices due to nature of offense. All being done with intent to Deny Plaintiff Wi[l]bert Hackley of any rights afforded to him and all said citizens under The United States Constitution which Defendants clearly displayed by receiving the true Notice of Action in matter, then in turn created a new set of documents and declaring same are legal

> without knowledge of Plaintiff having in possession the True Notice of Action sent overnight fax and dates August 27, 2013 six months prior to that falsified by Defendants.

(Doc. 29, ¶ 9).

Thus, in his objections, Plaintiff merely recounts his initial claims, repeating what he perceives to be the general legal foundations for his arguments. (*See* Doc. 10). Nowhere does he object to the Magistrate Judge's specific findings regarding the applicability of qualified immunity. Nowhere does he address the fact that his Complaint provides no evidence beyond his own conjecture to link any of the named defendants to the alleged constitutional infractions. More importantly, nowhere does he challenge the Magistrate Judge's finding that the delay in providing the Notice did not deprive Plaintiff of any recognized constitutional rights. Among the plethora of Plaintiff's unsupported legal claims and opinions, his entire filing objecting to the R&R is devoid of any attempts to refer to legal authority. As such, Plaintiff's inartful objections are either unsupported or aimless, or were already thoroughly addressed by the Magistrate Judge.

Valid objections must specifically identify the portions of the R&R to which objections are made and the basis for such objections. *See Martinez v. Astrue,* 2011 WL 4974445, at *3 (E.D. Pa. Oct. 19, 2011); *Morgan v. N. Carolina Dep't of Health & Human Servs.,* 421 F. Supp. 2d 890, 893 (W.D.N.C. 2006); *see also Howard v. Secretary of HHS*, 932 F.2d 505, 509 (6th Cir. 1991); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, however, Plaintiff's conclusory objections do not direct the Court to a specific error in the Magistrate Judge's proposed findings because objections that merely restate the arguments previously presented are not sufficient to alert the Court to any errors on the part of the Magistrate Judge. Thus, judicial economy demands that the R&R be reviewed for clear error only. *See Hutson v. Vaughn*, 2004 WL 717178 (E. D. Pa. 2004), *aff'd*, 262 Fed. Appx. 474 (3d Cir.2008); *Cruz*, 990 F.Supp. at 377; *see also Joseph v. Sniezek*, 2016 WL 5078378 (M.D. Pa. Sept. 20, 2016); *Palmer v. Astrue,* 2010 WL 1254266, at *2 (E.D. Pa. Mar.31, 2010); *Nghiem v. Kerestes*, 2009 WL 960046, at * 1 n. 1 (E.D. Pa. Apr. 3, 2009), *aff'd*, 410 Fed. Appx. 490 (3d Cir. 2011); *Sanford v. Principi*, 2002 WL 32334396, at *1 (S.D.W.Va.

8

Sept.26, 2002).[3]

As such, I review the R&R for clear error and find none. Magistrate Judge Carlson's recommendations will be adopted, and Defendants' motion will be granted.

### IV. Leave to Amend

The Third Circuit has instructed that if a complaint is vulnerable to a 12(b)(6) dismissal, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245-46 (3d Cir. 2008). Here, because Plaintiff would not be able to put forward any additional facts sufficient to state his constitutional claims because those claims fail as a matter of law, an amendment would be futile.

### V. Conclusion

For the above stated reasons, I will adopt the R&R (Doc. 28) in its entirety and grant Defendants' "Motion to Dismiss and/or for Summary Judgment" (Doc. 16). Accordingly, the action will be dismissed with prejudice.

An appropriate order follows.

March 3, 2017                                /s/ A. Richard Caputo
Date                                               A. Richard Caputo
                                                    United States District Judge

---

[3] In support of his objections to the R&R, Plaintiff attaches several exhibits. These exhibits, however, were not initially provided to the Magistrate Judge, nor were they referenced by Plaintiff in his prior filings. The attached exhibits, which include an affidavit from Plaintiff and copies of letters he allegedly sent to the Commission, are of no utility at this stage, not only because they prove nothing new, but, to the extent that they contain new arguments not raised before the Magistrate Judge, they cannot be raised for the first time as objections to the R&R. *See, e.g.*, *In re Neurontin Mktg., Sales Practices & Prod.*, 433 F. Supp. 2d 172, 185 (D. Mass. 2006); *United States v. Cadieux*, 324 F. Supp. 2d 168, 170 (D. Me. 2004).